07-15-00289-CV

RAS THOMPSON, IN PRO SE
531 54th street (806) 368-9705
LUBBOCK, TEXAS 79404

JUNE 30, 2015

TO: MS. VIVIAN LONG, CLERK
SEVENTH APPELLATE DISTRICT
POTTER COUNTY COURTHOUSE
501 S. FILLMORE, STREET
(806) 342-2650 Fax. (806)
AMARILLO, TEXAS 79101-9540

RE: CIVIL TORT NOTICE FOR OUT-TIME
APPEAL.
NO: 2015-514,888.
FROM
TRIAL COURT DEPRIVATION
due process laws rights
trial.

RE: Ras Thompson v. William Clayto Trotter, As Policer AND The
LUBBOCK POLICE DEPARTMENT, ET AL:

FILED
JUL 1 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

DEAR CLERK MS. VIVIAN LONG:

PLEASE FILE THE FOLLOWIN , CIVIL TORT MOTIONS THE THE NOTICE

THE FOLLWING;

I.
PLAINTIFF'S CIVIL TORT ""NOTICE FOR A
OUT OF TIME APPEALS ON DEPRIVATION DUE
PROCESS LAWS DAY OFTRIAL COURT RIGHTS..

II.
PLAINTIFF'S CIVIL TORT MOTION FOR APPEAL ON
APPLICATION DECLARATION INSUPPORT OG REQUEST
TO PROCEED IN FORMA PAUPERIS ON APPEAL.


PLEASE file as such constitutional rights due process,

HUMAN RIGHTS,

RAS THOMPSON, IN PRO SE:
CLERK,
CC.
ET AL.

IN THE SEVENTH COURT OF APPEAL
THE TEXAS DISTRICT OF
POTTER COUNTY COURTHOUSE
AMARILLO,TEXAS

)_____(

IN PRO SE:

RAS THOMPSON,IN PRO SE
531  54th street (806) 368-9705
LUBBOCK,TEXAS 79404

PLAINTIFF APPELLANT
V.

WILLIAM CLAYTON TROTTER,ET AL
THE LUBBOCK POLICE DEPARTMENT
P.O.BOX 2000 at 1625 13th street
LUBBOCK,TEXAS 79457
)
DEFENDANTS APPELLEES ET AL.

\* "" NOTICE OF APPEAL ""
\* ON
\* DEPRIVATION TRIAL COURT
\* NO:_20015-514-888_____
\* TO
\* APPEALS COURT ACTION
\* NO:_____
\*
\*
\* **FILED**
\* JUL 1 2015
\* SEVENTH COURT OF APPEALS
\* VIVIAN LONG, CLERK

PLAINTIFF APPELLANT ""NOTICE FOR OUT OF TIME APPEALS""
)_____(

NOTICE is hereby given that RAS THOMPSON,IN PRO SE ,in good faith

in the above named case,hereby appeal to the ""SEVENTH APPEALS COURT DISTRICT OF

TEXAS""  FROM THE FINAL JUDGMENT,TRIAL COURT OF THE 237TH DISTRICT COURT OF LUBBOCK

COUNTY,Cause No.2015-514,888;As such deprivation of due process laws see exhibits

(A)(B) as such deprivation court trial dates constitutional violations due process

laws.Entered in this action on the 5/14/2015.

DATE: 7.3_____2015 A.D.

Respectfully submitted,

RAS THOMPSON,IN PRO SE:

CAUSE NO. 2015-514,888                                    DL

| | | |
|---|---|---|
| RAS THOMPSON, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | 237th JUDICIAL DISTRICT |
| | § | |
| WILLIAM CLAYTON TROTTER, | § | |
| AS POLICE OFFICE AND THE | § | |
| LUBBOCK POLICE DEPARTMENT, | § | |
| DEFENDANT. | § | LUBBOCK COUNTY, TEXAS |

## ORDER SETTING HEARING

The Court having found the Defendant William Clayton Trotter's Rule 91a Motion to Dismiss Lawsuit as Baseless to be in proper form, and Defendant having requested a hearing on same,

IT IS THEREFORE ORDERED that the above-referenced and number cause is hereby set for hearing on the 5th day of June, 2015 at 9:00, a.m. in the 237th District Court of Lubbock County, Texas.

SIGNED ON  **5/14/2015**  _____

_____
JUDGE PRESIDING

**OFFICE OF THE DISTRICT CLERK**
ROOM 105, COURTHOUSE
P O Box 10536
LUBBOCK, TEXAS 79408-3536
(806) 775-1317
FAX (806) 775-7992

**BARBARA SUCSY**
DISTRICT CLERK
**JUDY BORDER**
CHIEF DEPUTY

Exhibit (1)(A)

June 10, 2015

John Charles Grace
Attorney at Law
P.O. Box 2000
Lubbock, TX 79457

Ras Lynn Thompson
531 East 54th Street
Lubbock, TX 79404

Re:    Cause No. 2015-514,888
       In the 237th District Court of Lubbock County, Texas
       Ras Thompson v. William Clayton Trotter, As Policer Office And The Lubbock Police
       Department

In compliance with Rule 306a(3) of the Texas Rules of Civil Procedure, you are hereby notified that a/an Order On Defendant William Clayton Trotter's Rule 91a Motion To Dismiss Lawsuit As Basless was signed in the above styled and numbered cause on June 9, 2015.

Barbara Sucsy, District Clerk
Lubbock County, Texas

By _Denise Long_
     Denise Long



CAUSE NO. 2015-514,888

| | | |
|---|---|---|
| RAS THOMPSON, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | 237th JUDICIAL DISTRICT |
| | § | |
| WILLIAM CLAYTON TROTTER, | § | |
| AS POLICE OFFICE AND THE | § | |
| LUBBOCK POLICE DEPARTMENT, | § | |
| DEFENDANT. | § | LUBBOCK COUNTY, TEXAS |

## DEFENDANT WILLIAM CLAYTON TROTTER'S
## RULE 91a MOTION TO DISMISS LAWSUIT AS BASELESS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES WILLIAM CLAYTON TROTTER, a Police Officer and Defendant in the above-styled and numbered cause, and files this Motion to Dismiss Lawsuit as Baseless, pursuant to Texas Rule of Civil Procedure 91a, in support of which, the Defendant would show the Court as follows:

1. Plaintiff, RAS THOMPSON ("Thompson"), sued Defendant WILLIAM CLAYTON TROTTER ("Trotter"), a City of Lubbock Police Officer, alleging various tort and civil rights claims.

2. This lawsuit is substantially the same as the suit Thompson filed in federal court on September 6, 2012, styled *Ras Lynn Thompson v. William Clayton Trotter*, Civil Action No. 5:12-CV-158-C in the United States District Court for the Northern District of Texas, Lubbock Division. (See **Exhibit A.**) After numerous opportunities to replead and clarify his complaint, as allowed by 28 U.S.C. §1915, the case was dismissed as frivolous, pursuant to Fed. R. Civ. P. 12(b)(6) by order dated April 15, 2013. (See **Exhibit B.**)

III.

It is therefore ORDERED, ADJUDGED, and DECREED that Defendant William Clayton Trotter's Rule 91a Motion to Dismiss Lawsuit as Baseless, filed by the City of Lubbock on behalf of its Police Officer William Clayton Trotter, is GRANTED; and the Plaintiff's lawsuit is hereby DISMISSED and the Defendants are hereby awarded their reasonable expenses in the amount of $1,000.00, for which execution may issue.

SO ORDERED, this ___9th___ day of ___June___, 2015.

_____
JUDGE PRESIDING

EXHIBIT A

2015-514,888

Filed 4/16/2015 4:16:09 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

Cause No. 2015-514888

DL

THOMPSON, RAS LYNN     §     IN THE 237TH DISTRICT COURT

VS     §     OF

TROTTER, WILLIAM CLAYTON     §     LUBBOCK COUNTY, TEXAS

## COURT'S SCHEDULING ORDER (LEVEL II)

Based on the information available to the court and on the parties' failure to submit an Agreed Scheduling Order, the Court hereby enters the scheduling order that shall apply to this case. If no date is set by the Court, or if an issue is not addressed by the Court, the event is to be governed by the Texas Rules of Civil Procedure. The Court ORDERS that the following deadlines shall be met by the parties to this lawsuit:

1. 02/01/2016 @ 09:00 a.m. TRIAL DATE: This case shall be tried on this date. If the court cannot reach this case on this date, it will be tried by a visiting judge or by one of the Lubbock County District Judges.

2. 07/06/2015 JOINDER: All parties must be added and served, whether by amendment or third party practice, by this date: THE PARTY CAUSING JOINDER SHALL PROVIDE A COPY OF THIS SCHEDULING ORDER AT THE TIME OF SERVICE.

3. 08/05/2015 PLAINTIFF'S EXPERT WITNESSES: Plaintiff shall list each expert's name, address, and topics of the witness' testimony by this date. Expert reports, if any, of testifying experts shall be furnished to the opposing party within 14 days following this deadline or within 14 days following receipt by the Plaintiff. Unless so provided the witness will not testify and this date will not be extended. Challenges to Plaintiff's experts shall be made at least 90 days before trial.

4. 09/04/2015 DEFENDANT'S EXPERT WITNESSES: Defendant shall list each expert's name, address, and topics of the witness' testimony by this date. Expert reports, if any, of testifying experts shall be furnished to the opposing party within 14 days following this deadline or within 14 days following receipt by the Defendant. Unless so provided the witness will not testify and this date will not be extended. Challenges to Defendant's experts shall be made at least 60 days before trial.

5. 09/04/2015 FACT WITNESSES: A list including the name, address, phone number, and topic of testimony of each fact witness who may be called at trial must be provided by this date. Witnesses not provided as ordered will not be permitted to testify unless good cause is shown.

6. 10/04/2015 DISCOVERY DEADLINE: All discovery requests and deposition notices must be initiated by this date. Counsel may initiate discovery beyond this deadline by agreement but the trial date will not be moved because of incomplete discovery. Limitations on discovery shall be governed by provisions in the Texas Rules of Civil Procedure applicable to this level of Discovery Control Plan.

7. 11/13/2015 DISPOSITIVE MOTIONS: All motions, that if granted by the court would dispose of part or all of the case, shall be filed by this date. The parties are encouraged to file these motions as early as possible in order to avoid unnecessary costs and delay. This deadline may not be extended without prior approval of the Court.

8. 10/19/2015 PLEADINGS: All amendments must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

9. 10/04/2015 (Private Scheduling) (Deadline) @ 11/18/2015 1:30P.M. (Default Mediation Date) ALTERNATIVE DISPUTE RESOLUTION: It is anticipated that the parties shall cooperate in an ADR procedure, under the terms and conditions ordered by the Court. Mediation should be scheduled by this date with a private mediator or with the Lubbock County Dispute Resolution Center. If mediation is not scheduled by the scheduling deadline date, the mediation will be held on the default mediation date at the time given. You may mediate prior to the default mediation date. However, mediation may not be held after this date or cancelled without prior approval from the Court. Should the parties agree to use a selected neutral for this case, they should notify the Lubbock County Dispute Resolution Center and the Court prior to the scheduling deadline date. Individuals with full authority to settle the case shall attend in person and participate in the mediation. The mediator shall report the outcome of the ADR procedure to the Lubbock County Dispute Resolution Center and the Court consistent with the provisions of the Tex. Civ. Prac. & Rem. Code Ann. Section 154. Contact the Lubbock County Dispute Resolution Center for more information or wait for correspondence from the Master of Dispute Resolution. The Master's letter will be transmitted within 30 days after issuance of this order.

IF YOU DO NOT APPEAR FOR MEDIATION BEFORE DRC, and/or YOU HAVE NOT CANCELED AT LEAST 24 HOURS IN ADVANCE, you will be assessed $75.00 as court costs. Notify the Court and the DRC IMMEDIATELY if the case settles.



01900211281015
SD07 - SCHEDULING ORDER
Case No: 2015-514,888

L2SO

10.  01/12/2016  PRE-TRIAL EXCHANGE DEADLINE: Counsel/Parties shall provide to the Court and all other parties, the following: (1) requested jury charges; (2) motions in limine; (3) exhibit lists containing a description of each exhibit and exhibit number; (4) copies of all exhibits the party intends to offer at trial, marked with exhibit tags and numbers; and, (5) deposition excerpts (counsel/party shall identify each deposition counsel/parties intend to offer at trial, either by video or otherwise, and designate by page and line number those portions of each deposition counsel/party intends to offer at trial). Counsel/parties are ordered to confer prior to the Pre-Trial Hearing and are ordered to attempt to reach agreements and stipulations with regard to matters addressed in motions in limine, admissibility of exhibits and deposition excerpts.

11.  01/22/2016  PRE-TRIAL MANAGEMENT CONFERENCE: The Court will rule on any pending motions, including objections to motions in limine and deposition excerpts, make preliminary rulings on admissibility of proposed exhibits, @09:00 a.m. and make any other appropriate order which will aid the Court in trying the case as efficiently as possible.

These trial events are set within a specific time frame to provide for a fair but efficient disposition of the case. Unless otherwise indicated, none of these events can be changed without the Court's approval. The court has set specific dates and will be unwilling to change its Scheduling Order, especially as the case nears the trial date.

SIGNED AND ORDERED ON THIS 15th day of April, 2015

_____
JUDGE PRESIDING

ATTORNEY(S):

THOMPSON, RAS LYNN, PRO, SE: 531 EAST 54TH STREET, LUBBOCK, TX 79404
GRACE, JOHN CHARLES: P.O. BOX 2000, LUBBOCK, TX 79457

ONLY THE ABOVE-LISTED ATTORNEYS AND PARTIES HAVE BEEN NOTIFIED. IT IS THE RESPONSIBILITY OF THE ATTORNEYS TO ENSURE THAT ALL ATTORNEYS IN THE CASE RECEIVE NOTIFICATION OF THE ORDER.

L1SO2





Office of Dispute Resolution

April 27, 2015

Ras Thompson
531 East 54th Street
Lubbock, TX 79404-

John Grace
P.O. Box 2000
Lubbock, TX 794457

Court Ordered mediation has been scheduled.

**Re:**       Ras Thompson v. William Trotter
              2015-514,888

**Date:**     Wednesday, November 18, 2015 at 1:30 PM

**Location:** Office of Dispute Resolution
              916 Main, Suite 800, Lubbock, Texas

**Assigned Neutral:   Caroline Clark**

Without an objection to the appointment, the designated mediator will remain as assigned. If all parties agree to engage a mediator outside our system, notice is appreciated, but default mediation dates will remain on our docket until the court received confirmation from the selected mediator of a completed or scheduled private mediation.

Fees are as follows: mediation fee ($100 per party, per hour) and an administrative fee ($50 per party). Payment for mediation services is expected upon completion of the mediation. Credit card payments are acceptable. If thre is an inability to pay the mediator fee, please contact our office prior to the mediation.
Per your scheduling order, if you do not appear for mediation and/or you have not canceled your mediation at least 24 hours in advance, you will be assessed a $75.00 fee.

All parties and attorneys are required to sign and adhere to the enclosed Mediation Rules. You will be asked to sign the Rules at our office or you may bring the enclosed copy already signed. If you have any special communication or accommodation needs or questions about the proceedings, please contact our office.

Sincerely,

Gene Valentini
Director





# City of Lubbock

**TEXAS**

### Office of the City Attorney

April 24, 2015

Ras Thompson
531 54th Street
Lubbock, Texas 79404

CERTIFIED MAIL RETURN RECEIPT REQUESTED No. 91 7199 9991 7035 5987 5463
and by regular mail

> **Re:** *Ras Thompson v. William Clayton Trotter, as Police Office and the Lubbock Police Department*
> *Cause No. 2015-514,888; 237th District Court; Lubbock County, Texas*

Dear Mr. Thompson:

Enclosed please find *Defendant William Clayton Trotter's Rule 91a Motion to Dismiss Lawsuit as Baseless* in the above referenced matter.

Thank you for your time and attention.

Sincerely,

John C. Grace
Assistant City Attorney by

JCG/vw
enclosure

P O Box 2000   •   1625 13th Street   •   Lubbock, TX 79457   •   806-775-2222   •   Facsimile 806-775-3307



**LES HATCH**
JUDGE PRESIDING

**237TH DISTRICT COURT**
(LUBBOCK COUNTY COURTHOUSE - SIXTH FLOOR)
P.O. BOX 10536
LUBBOCK, TEXAS 79408
(806) 775-1027
Fax (806) 775-1629

**TERRI RAMSEY**
OFFICIAL COURT REPORTER

**BRANDI R. LOYA**
DISTRICT COURT COORDINATOR

June 9, 2015

*Via eFile*
John Grace

*Via Regular Mail*
Ras Lynn Thompson
521 East Street
Lubbock, TX 79404

> **Re:** *Ras Thompson v. William Clayton Trotter, as Police Officer and the Lubbock Police Department*, **Cause No. 2015-514,888; In the 237th District Court of Lubbock County, Texas;**

Mr. Grace and Mr. Thompson:

The Court grants Defendant Trotter's Rule 91a Motion to Dismiss and awards attorney fees of $1,000.00.

Mr. Grace, please prepare an order.

LES HATCH
Judge Presiding

Filed 6/10/2015 7:40:00 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO. 2015-514,888

SWS

| | | |
|---|---|---|
| RAS THOMPSON, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | 237th JUDICIAL DISTRICT |
| | § | |
| WILLIAM CLAYTON TROTTER, | § | |
| AS POLICE OFFICE AND THE | § | |
| LUBBOCK POLICE DEPARTMENT, | § | |
| DEFENDANT. | § | LUBBOCK COUNTY, TEXAS |

## ORDER ON DEFENDANT WILLIAM CLAYTON TROTTER'S
## RULE 91a MOTION TO DISMISS LAWSUIT AS BASELESS

ON THE 5TH DAY OF JUNE, 2015, came on to be heard Defendant WILLIAM CLAYTON TROTTER'S RULE 91a MOTION TO DISMISS LAWSUIT AS BASELESS, filed by the City of Lubbock on behalf of its Police Officer William Clayton Trotter. The Plaintiff appeared *pro se*. The Defendant appeared by and through John C. Grace, Assistant City Attorney for the City of Lubbock.

I.

After considering the Defendant's Motion to Dismiss, the pleadings on file in this cause of action, the legal authorities, and the arguments of the parties, the Court finds that the Motion to Dismiss is well taken and the Defendant's Motion to Dismiss is hereby GRANTED.

II.

The Court further finds that the City of Lubbock, on behalf of the Defendant, has incurred expenses in preparing and filing the Motion to Dismiss. Accordingly, the City of Lubbock, on behalf of the Defendant, is awarded $1,000.00 as expenses, including reasonable attorney fees.





### City of Lubbock
### TEXAS

**Office of the City Attorney**

June 10, 2015

Ras Thompson
531 54th Street
Lubbock, Texas 79404

CERTIFIED MAIL RETURN RECEIPT REQUESTED No.      91 7199 9991 7035 5987 5425
and by regular mail

> *Re:*    *Ras Thompson v. William Clayton Trotter, as Police Office and the Lubbock*
> *Police Department*
> *Cause No. 2015-514,888; 237th District Court; Lubbock County, Texas*

Dear Mr. Thompson:

Enclosed please find the *Order on Defendant William Clayton Trotter's Rule 91a Motion to Dismiss Lawsuit as Baseless* filed in the above referenced matter. I have also included a copy of the Judge's letter dated June 9, 2015 which was mailed to you as well on that date. Please note the Order of the Court awards attorney's fees to the City of Lubbock in the amount of $1,000.00.

Thank you for your time and attention.

Sincerely,

John C. Grace
Assistant City Attorney

JCG/vw
enclosure





## Office of Dispute Resolution
## MEDIATION RULES

Mediation is a process whereby an impartial person helps the parties attempt to: reach an agreement about the item(s) in dispute, come to an understanding of the issue(s) being discussed, or accomplish reconciliation. The purpose of mediation is to aid the parties in developing their own agreement with respect to the issue(s) in dispute.

The Office of Dispute Resolution (ODR) conducts such mediation sessions according to the following rules:

### 1. Confidentiality
Communications in mediation are confidential and the mediator shall not disclose any communication made during the mediation to the court or anyone else. *However, abuse, neglect, and exploitation of children, the elderly, and persons with disabilities are not confidential issues and must be reported. Further, certain federal matters may require disclosure.*
*WARNING: Any confidential communications between the attorney and their client in the presence of a third party (e.g. relative, friend, advisor) regarding any matter related to the subject of the mediation may not be protected as confidential if determined to be a waiver of the **attorney-client privilege** and may be discoverable and admissible in any subsequent legal proceedings. This may include electronic communications.*
*WARNING: Communication between a parent and child during mediation may not be privileged. A communication with non-named parties, whether verbally or electronically, during the mediation may not be protected as confidential. The communication may also be discoverable and admissible in a subsequent legal proceeding.*
*WARNING: Anyone that comes into contact with health care treatment/information will be held accountable by state law. Communication about healthcare/treatment may not be repeated by party, attorney, or mediator without written consent.*

### 2. Participation and Disclosure
Parties are expected to communicate openly, to share all information pertinent to the issue(s), and to follow instructions as directed by the mediator. Common courtesy shall be exercised toward all in attendance at the mediation.

### 3. Legal/Financial Advice
The mediator cannot provide legal or financial advice to either party. The mediator is neutral and will not advocate for either party. If the need for legal and/or financial advice arises during mediation, the parties will be encouraged to discuss such issues with an attorney and/or an accountant.

### 4. Bankruptcy
If you have a pending matter in a bankruptcy court, you affirm that your stay has been lifted and the court has approved the Office of Dispute Resolution to conduct your mediation.

### 5. Session Attendance
Parties are expected to attend all mediation sessions scheduled by the mediator.

### 6. Individual Meetings
At times, the process of mediation requires the mediator to hold individual meetings with the parties. Such information shared during these meetings is confidential unless approval is given by the appropriate person(s) to share such information.
*WARNING: Communication pertaining to a party's healthcare state or treatment may not be written/repeated without the party's consent.*

Page 1 of 2

v. 04.23.15

## 7. Communication between Sessions/Notice of Settlement
If mediation is continued to another date, the mediator will not discuss the mediation with either party or any attorney in the case between mediation sessions. If the parties settle their dispute before reconvening the mediation, the parties or their attorneys will immediately inform the ODR of settlement.

## 8. Safe Place
Named parties are not allowed to carry weapons or wear law enforcement uniforms in mediation. No subpoenas, citations, writs or other process shall be served at or near the location of a mediation. Unless otherwise directed by the court, participants shall not be arrested during mediation.

## 9. Reporting Outcome of Mediation
If the parties or mediator terminate the mediation before an agreement is reached, the report to the court will reflect an Impasse. If the parties reach an agreement during mediation that resolves all or part of their dispute, the mediator may record a *Rule 11 and Mediation Agreement* that will state the terms of the agreement. The *Rule 11 and Mediation Agreement* will be given to the parties and their attorneys. Parties who attend mediation without counsel may sign the agreement at the mediation or may wait to sign the agreement until after their attorneys have reviewed and approved the agreement. Once signed, the *Rule 11 and Mediation Agreement* may be enforceable as a judgment. **Before signing, and thereby executing, any agreement, parties have the right to have it independently reviewed by a lawyer.**

## 10. Fees
Parties and/or counsel acknowledge and accept responsibility for fees that may be incurred.

## 11. Non-named Individuals
Prior permission must be obtained from the Office of Dispute Resolution before any individuals who are not actual parties to the matter being mediated or their legal counsel may accompany a party to, or otherwise participate in, the mediation. Even if prior permission is granted, the Office of Dispute Resolution reserves the right to request any non-party to leave for the duration of the mediation. In order to assist the parties in reaching an agreement, it may be necessary for the mediator to interview other persons. If so, the mediator will discuss and inform everyone involved. Such discussions are confidential.

### By signing this agreement, we are acknowledging the following information:

We agree to use our best efforts to participate in the mediation process in accordance with these rules, Chapter 154 of the *Texas Civil Practice and Remedies Code, Texas Family Code 153.0071, Texas Estates Code 1055.151,* and the Supreme Court's guidelines that "counsel shall cooperate with the court and the mediator in the initiation and conduct of the mediation."

We further acknowledge that we have read and understood the Mediation Rules this _____ day of _6-26_____, 20_15_, and that the ODR has furnished us with a copy of these rules.

| | |
|---|---|
| _(signature)_ | _(signature)_ |
| (Signature) | (Signature) |
| _Ros Lynn Thompson_ | _Ros Lynn Thompson_ |
| (Print Name) | (Print Name) |
| | |
| _____ | _____ |
| (Signature) Attorney | (Signature) Attorney |
| | |
| _____ | _____ |
| (Print Name) Attorney | (Print Name) Attorney |

v. 04.23.15



USA★FOREVER

DOWNTOWN STATION





UNITED STATES POSTAL SERVICE®

1000

U.S. POSTAGE PAID
LUBBOCK, TX
79408
JUL 10, 15
AMOUNT
$7.30
R2304N117375-08

RAS THOMPSON, IN PRO SE:
531 54th street
LUBBOCK, TEXAS 79404

RE: OUT OF TIME ""APPEALS
DEPRIVATION OF DUE PROCESS
LAWS"" FROM TRIAL COURT ACTION
FROM
number;2015-514-888,

TO:THE HONORABLE CLERK IN
SEVENTH APPELLATE DISTRICT
501 S.FILLMORE STREET
2-A P.O.BOX 9540
AMARILLO,TEXAS 79105-9540

7014 2870 0000 5825 8610



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7014 2870 0000 5825 8610